**IN THE COURT OF APPEALS OF IOWA**

No. 22-1503
Filed January 11, 2023

**IN THE INTEREST OF S.W.,**
**Minor Child,**

**P.N., Mother,**
        Petitioner-Appellee,

**R.W., Father,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Sac County, Joseph B. McCarville,

District Associate Judge.


        A father appeals the termination of his parental rights pursuant to Iowa Code

section 600A.8 (2022).  **AFFIRMED.**


        Mary M. Lauver of Lauver Law, Lake City, for appellant father.

        Jessica L. Morton of Bruner, Bruner, Reinhart & Morton, LLP, Carroll, for

appellee mother.

        James Edward Heiliger, Carroll, attorney and guardian ad litem for minor

child.


        Considered by Tabor, P.J., and Schumacher and Chicchelly, JJ.

**CHICCHELLY, Judge.**

This is an appeal of a private action to terminate parental rights under Iowa Code chapter 600A (2022). The juvenile court granted the mother's petition to terminate the father's parental rights to the child under Iowa Code section 600A.8(9). The father challenges the sufficiency of the evidence showing that (1) it is unlikely he will be released from prison in less than five years, and (2) termination is in the child's best interest. We review these claims de novo. *See In re B.H.A.*, 938 N.W.2d 227, 232 (Iowa 2020). Finding that clear and convincing evidence supports the statutory ground relied on by the juvenile court and that termination is in the child's best interest, we affirm the termination of the father's parental rights to the child.

The child was born in 2014. The parents were in an on again, off again relationship until approximately 2016. The father has been incarcerated since he was arrested on federal drug charges in 2017. In May 2022, the mother petitioned to terminate the father's parental rights to allow her new husband to adopt the child. She alleged multiple grounds for termination, including abandonment, failure to pay child support, and imprisonment for at least five more years.

The matter proceeded to hearing. The child's guardian ad litem (GAL) recommended terminating the father's rights. The juvenile court found that the father did not abandon the child. Rather, the mother interfered with his ability to contact their child, and that is the primary reason they do not have a closer relationship. The court also noted that the father has never been ordered to pay child support. However, the court found the father is in prison and unlikely to be released for a period of five or more years, thereby proving the elements of Iowa

Code section 600A.8(9). Because the court furthermore found termination is in the child's best interest, it granted the termination petition in an August 2022 order. The father filed a timely appeal.

The father first challenges the finding that the statutory ground for termination is proven by clear and convincing evidence. Iowa Code section 600A.8(9) provides the following ground for ordering termination of parental rights: "[T]he parent has been imprisoned and it is unlikely that the parent will be released from prison for a period of five or more years." The father does not dispute that he was sentenced to twenty-six years of incarceration for drug charges. Rather, he argues that it is likely he will be released from prison in less than five years through an appeal or changing federal drug laws. He testified that he is pursuing postconviction relief for ineffective assistance of counsel and cited a drug-reform bill introduced in the U.S. House of Representatives in 2021.

On this record, we decline to speculate about whether the father will be successful by either avenue. *See In re M.J.P.*, No. 15–1279, 2016 WL 4396108, at *1 (Iowa Ct. App. Aug. 17, 2016) (summarily affirming the juvenile court's finding that the father was unlikely to be released from prison in less than five years despite his expectation to appear before the parole board within months and a release date scheduled for five years and four months after the termination hearing). Accordingly, we find section 600A.8(9) is established by clear and convincing evidence.

The father also disputes the finding that termination is in the child's best interest. *See* Iowa Code § 600A.1(1) ("The best interest of the child subject to the proceedings of this chapter shall be the paramount consideration in interpreting

this chapter."). "The best interest of a child requires that each biological parent affirmatively assume the duties encompassed by the role of being a parent." *Id.* § 600A.1(2). When determining whether a parent has affirmatively assumed this duty, the court must consider, but is not limited to considering, a parent's "fulfillment of financial obligations, demonstration of continued interest in the child, demonstration of a genuine effort to maintain communication with the child, and demonstration of the establishment and maintenance of a place of importance in the child's life." *Id.* "This court has also borrowed from the statutory best-interest framework outlined in Iowa Code chapter 232." *B.H.A.*, 938 N.W.2d at 232. Under that framework, the court is to "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2).

The father bases his best-interest claim on his willingness and ability to provide financially for the child through his job in prison[1] and the support of his parents, as well as his attempts to communicate and establish a place of importance with the child despite the mother's efforts to impede their relationship. The district court acknowledged the father's diligent efforts to maintain a relationship but emphasized that his projected release date in 2039 would preclude a meaningful relationship. The GAL recommended the child's best interest would be "served by allowing her to continue to grow in the family unit which she currently resides and appears to thrive." We agree. The father lodges several serious

---

[1] However, the father admits that he has not sent any money from his prison job since incarceration in 2017.

allegations against the mother and her husband regarding their suitability as parents but offers nothing beyond his and his father's testimony in this regard. No documentation was provided concerning any criminal matters or founded reports from the Iowa Department of Health and Human Services. Although we commend the father's determination to remain in his daughter's life, we will not deprive her of the permanency and stability offered by her mother and step-father. *See In re M.A.*, No. 20-0520, 2020 WL 6480884, at *2 (Iowa Ct. App. Nov. 4, 2020) (finding the father's steady efforts to communicate weekly with his child from prison did not rise to the level of the father affirmatively assuming the duties encompassed by the role of being a parent). Clear and convincing evidence shows termination is in the child's best interest.

For these reasons, we affirm the termination of the father's parental rights to the child under Iowa Code section 600A.8(9).

**AFFIRMED.**